NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-445

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527204

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Doe appeals from a Superior Court judgment upholding his classification as a level two sex offender. Doe argues that (1) the classification decision was arbitrary and capricious and an abuse of discretion because the hearing examiner erroneously applied risk mitigating factors 30 and 33, and (2) the Sex Offender Registry Board (board) failed to prove by clear and convincing evidence that Internet dissemination of Doe's personal information would serve a public safety interest. We conclude that the hearing examiner's decision was supported by substantial evidence and reflects a correct application of the relevant regulatory factors; accordingly, we affirm.

Discussion. 1. Standard of review. In conducting a de novo review of the judge's consideration of the classification decision, Doe, Sex Offender Registry Bd. No. 523391 v. Sex

Offender Registry Bd., 95 Mass. App. Ct. 85, 88-89 (2019), we ask whether the classification is "unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law [quotation omitted]." Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015) (Doe No. 356011). See G. L. c. 6, § 178M; G. L. c. 30A, § 14 (7). In making this determination, we must "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." Doe No. 356011, supra at 76, quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006).

2. Examiner's application of regulatory factors. Doe first contends that the classification was arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence, because the hearing examiner misapplied regulatory factors 30 and 33. See 803 Code Mass. Regs. § 1.33 (2016).

a. Factor 30. In her findings, the hearing examiner noted, inter alia, that at the time of hearing Doe was "53 years old, soon to be 54. Therefore, this factor applies with full weight [footnote omitted]." Doe argues that the hearing examiner erred by giving factor 30 (advanced age) "full"

2

mitigating weight, when in the circumstances, the language of the regulation required the examiner to give this factor "significant" mitigating weight.  We do not agree that the hearing examiner's weighing of factor 30 conflicted with the requirements of the regulation.

The applicable regulation states that "the Board considers advanced age to have a significant mitigating effect when the offender is 50 years of age or older."  803 Code Mass. Regs. § 1.33(30)(a) (emphasis added).  The regulation does not define the term "significant" in this context.  We apply settled rules of statutory construction to our interpretation of the wording of the regulations.  See DeCosmo v. Blue Tarp Redev., LCC, 487 Mass. 690, 695-696 (2021).  In common usage, "significant" means "[o]f special importance; momentous, as distinguished from insignificant."  Black's Law Dictionary 1662 (11th ed. 2019).  Here, we agree that in classifying the fifty-three year old Doe, the hearing examiner was bound to accord "significant" mitigating weight to factor 30.  After considering the usual meanings of "significant" and "full," however, we conclude that by giving Doe's advanced age "full" mitigating weight, the hearing examiner gave this factor at least as much mitigating weight as that to which Doe was entitled.  See 803 Code Mass. Regs. § 1.33(30)(a).

b.  Factor 33.  We are likewise unpersuaded that the hearing examiner improperly gave factor 33 (home situation and support systems) "moderate" mitigating weight, instead of "full" mitigating weight.  Factor 33 provides that it shall be "applied to an offender who is currently residing in a positive and supportive environment," and that "[t]he Board shall give greater mitigating consideration to evidence of a support network that is aware of the offender's sex offense history and provides guidance, supervision, and support of rehabilitation." 803 Mass. Regs. § 1.33(33)(a).  Recognizing that "[t]he hearing examiner has discretion to determine how much weight to ascribe to each factor under consideration," Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138-139 (2019) (Doe No. 23656), we find no abuse of that discretion in the hearing examiner's decision in this case.  The hearing examiner in this case explained that she gave "moderate" mitigating weight to factor 33 because, although Doe had "the support of his fiancée" who was aware of his sex offense conviction, the fiancée also believed that Doe "was falsely accused" and "did not indicate how she will support him, [or] provide him with guidance or supervision in order to prevent reoffense."  Where, as here, "the examiner's detailed written decision was balanced and fair," Smith v. Sex Offender Registry

4

Bd., 65 Mass. App. Ct. 803, 813 (2006), we discern no abuse of discretion or other error in the examiner's decision.

Given that the hearing examiner correctly applied both regulatory factors, we conclude that the hearing examiner's decision to classify Doe as a level two sex offender was properly supported. See Smith, 65 Mass. App. Ct. at 813.

3. Internet dissemination. Doe also argues that his classification as a level two sex offender was not supported by substantial evidence because the board failed to prove by clear and convincing evidence that a public safety interest would be served by Internet dissemination of his personal information. To classify an offender as a level two offender, "the board must find by clear and convincing evidence that . . . a public safety interest is served by Internet publication of the offender's registry information." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 656 (2019) (Doe No. 496501). See 803 Code Mass. Regs. § 1.20(2)(c) (2016). In making this determination, the hearing examiner must "ask whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense." Doe No. 496501, supra at 655. Here, the hearing examiner detailed Doe's offense history and made an explicit factual finding regarding

5

the likely efficacy of publishing Doe's information on the Internet. The examiner detailed "the highly concerning pattern of [Doe]'s violent behavior toward women," including (1) the underlying offense, during which Doe violently raped his ex-girlfriend at knifepoint, (2) the "disconcerting" fact that Doe committed this crime while on probation for a "prior violent attack against another woman where [Doe] assaulted her with a belt," and (3) Doe's subsequent conviction for "stabb[ing] another woman with a knife, nearly causing her death." Based on this information and acknowledging the passage of time since the underlying sex offense, the hearing examiner concluded that "should [Doe] reoffend, he would most likely do so in a similar vein, against a woman he is dating, had dated, or was acquainted with." Therefore, she found that "women who become acquainted with [Doe], should have public and Internet access to [his] registry information for their own safety." Having evaluated the hearing examiner's factual findings and analysis, we conclude that her determination that clear and convincing evidence supported Internet dissemination of Doe's registry

6

information was supported by substantial evidence.  See <u>Doe No.</u>

<u>23656</u>, 483 Mass. at 145-146.

<u>Judgment affirmed</u>.

By the Court (Green, C.J.,
  Hand & Hodgens, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:  October 18, 2023.

---

[1] The panelists are listed in order of seniority.